DOROTHY FRISCO, (p.p.a.)
vs.
FIRST NATIONAL STORES

Superior Court     New Haven County     File #53934

Present:   Hon. ALFRED C. BALDWIN, Judge.

Franklin Coeller,          Attorney for the Plaintiff.

Watrous, Hewitt,
    Gumbart & Corbin,       Attorneys for the Defendant.

See, also, Antonacci vs. Frisbie Pie Co., 3 Conn. Sup. 21; Gillespy vs. King Cole Stores, Inc., 4 Conn. Sup. 276; Fargot vs. Great Atlantic & Pacific Tea Co., 4 Conn. Sup. 447.

## MEMORANDUM FILED FEBRUARY 19, 1938.

BALDWIN, J. A sister of the plaintiff, who is a minor, purchased for human consumption a package of "cream of wheat" from the defendant which, on the day of purchase, was prepared for and used as food by the plaintiff. It is alleged that the cream of wheat was unwholesome, unfit for food and that it contained a foreign substance—a piece of steel—which might be injurious to a consumer; that the plaintiff while eating the cereal took into her mouth the piece of steel which was concealed in the cereal and was, thereby, caused the injuries alleged.

It is also alleged that the sale was under an implied warranty of wholesomeness and fitness as food for immediate domestic use—food for human consumption.

Defendant demurs upon the theory that the food was sold under a patent or trade name and that when so sold no implied warranty accompanies such sale, citing **subdivision (4) of Section 4635 of the General Statutes, Revision of 1930**, which provides:

"in the case of a contract to sell or a sale of a specified article under its patent or other trade name, there is no implied warranty as to its fitness for any particular purpose."

It does not appear that the cream of wheat was sold under any patent or other trade name.

The action is brought by the complaint within the law as laid down in **Burkhardt vs. Armour & Company, et al., 115 Conn. 249**, in which case a can of "Armour's Veribest Products Corned Beef" was sold by The Great Atlantic & Pacific Tea Co. to a Mrs. Hirth, who took it home to her mother, a Mrs. Busch, with whom she boarded, who purchased it for the evening meal and who, in eating the food prepared therefrom, became injured as a result of which she died. This purchase

of the corned beef was made without specifying any particular brand. It does not appear in the instant case that the purchase was made by the purchaser specifying any particular brand. The instant case appears to be in these respects comparable with the Burkhardt case.

The other ground of the demurrer is laid upon the fact that the plaintiff was not a party to the contract of sale and therefore has no right to rely upon an alleged breach of warranty; in other words, there is no privity of contract as between the seller and the consumer.

In the Burkhardt case the purchaser was Mrs. Hirth for her mother Mrs. Busch. It does, however, appear in the Burkhardt case that Mrs. Busch requested her daughter to purchase for her the corned beef. No question of agency is there discussed and there may be some question as to whether Mrs. Hirth or Mrs. Busch was the actual purchaser. Recovery, however, was had as against the seller for the injuries to Mrs. Busch upon an implied warranty.

I am aware of the authorities holding that no such warranty extends so as to enure to the benefit of any other than the purchaser. We have no decision in this State that determines the precise question here raised. It would seem to be wholly illogical and so unreasonable that it would defeat the ends of justice in the great majority of cases to hold that in the contract for the sale of food for human consumption that an implied contract by the seller of its fitness for such purpose should not accompany the article of food sold and enure to the benefit of the consumer injured by such use of the food because of the unwholesomeness. A single illustration may point the injustice of such rule of law. The infant child which may be rendered severely ill by unwholesome food purchased and fed to it by its mother or nurse would under such a rule of law be deprived of the right of recovery. Are our courts incapable of providing a remedy upon such state of facts? I cannot subscribe to such doctrine and hold that in the sale of foods for human consumption such warranty accompanies the article of food sold and enures to the benefit of the consumer.

The demurrer is overruled upon all grounds.